UNITED STATES v. CHICAGO, B. & Q. R. CO.

(District Court, D. Nebraska, Omaha Division. December 8, 1910.)

CARRIERS (§ 211*)—CARRYING ANIMALS — TWENTY-EIGHT HOUR LAW — CONSTRUCTION.

Act Cong. June 29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. Supp. 1909, p. 1178), prohibits interstate carriers from confining animals in cars for more than 28 consecutive hours without unloading for rest, water, and food, except that, when the animals are carried in cars, boats, or other vessels in which they can and do have proper food, water, space, and opportunity to rest, they need not be unloaded. *Held*, that a carrier, in order to bring itself within the exception, must not only show that the animals can have the supplies specified, but that they are in fact afforded proper food, water, space, and opportunity to rest, so that where animals were in charge of the shipper, and were retained in the cars for a longer period than 28 hours without proper food, water, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an opportunity to rest, it was no answer to the carrier's liability that the shipper could have provided proper attention, and, on being inquired of en route as to how he was faring, stated that he was "all right," and that he could feed and water his stock.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 926-928; Dec. Dig. § 211.*]

Suit by the United States against the Chicago, Burlington & Quincy Railroad Company. Judgment for the United States.

F. S. Howell, U. S. Dist. Atty.

J. E. Kelby and Arthur R. Wells, for defendant.

THOMAS C. MUNGER, District Judge. This is a suit to recover a penalty for failure to comply with the provisions of section 1 of the act of Congress approved June 29, 1906, known as the "28-hour law." Act June 29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. Supp. 1909, p. 1178).

The defendant received for shipment a freight car, of the ordinary box car type, containing household goods, farm implements, and some horses, cows, and hogs belonging to one shipper. The consignor signed what is known as a "live stock contract," which permitted the shipper to ride on the train with the stock in order to care for them. As a part of such contract the shipper agreed that the animals were in his sole charge, during the shipment, for the purpose of attention and care of the animals, and that they were to be watered and fed by him. While admitting that the animals were confined in the cars for more than 28 consecutive hours without unloading for rest, water, and feeding, the defendant contends that it is not liable to a penalty because it is within the terms of the proviso in section 3 of the act of Congress, reading:

"Provided, that when animals are carried in cars, boats, or other vessels in which they can and do have proper food, water, space, and opportunity to rest, the provisions in regard to their being unloaded shall not apply."

The evidence shows that the animals did not have proper food and water during the period of shipment. Those in charge of the train asked the shipper how he was faring, and he answered that he was "all right," and that he could feed and water his stock. No efforts, other than these inquiries, were made by the defendant's employés to ascertain whether the animals had food and water.

The defendant has not brought itself within the terms of the exception contained in section 3 of the act of Congress. Unless the animals "can and do have proper food, water, space and opportunity to rest," the provisions in regard to their being unloaded apply.

It is not enough to show that the animals "can" have such supplies, as, for instance, that the one in charge may procure water and food at the stations where stops are made; but it must be shown that the animals "do" have proper food, water, space, and opportunity to rest in the cars, boats, or other vessels where carried.

As this is not shown in this case, a verdict will be directed against the defendant.